IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS A. HOGLAN, ) | |
|     Plaintiff, ) | Case No. 7:22-cv-00460 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| GLENN YOUNGKIN, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Douglas A. Hoglan, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Virginia Governor Glenn Youngkin and Virginia Department of Corrections ("VDOC") Director Harold Clarke. Hoglan claims that a recent amendment to Virginia's Earned Sentence Credit system violates his constitutional rights. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

    **I.**    **Background**

In 1994, the Virginia General Assembly enacted legislation establishing the Earned Sentence Credit ("ESC") system. See Va. Code Ann. §§ 53.1-202.2–53.1-202.4. The system applies to any state inmate who was "convicted of a felony offense committed on or after January 1, 1995." Id. § 53.1-202.2. Prior to July 1, 2022, inmates could earn a maximum of 4.5 sentence credits for every 30 days served. See id. § 53.1-202.3 (effective until July 1, 2022). A sentence credit is defined as a "deduction[] from a person's term of confinement earned through adherence to rules prescribed pursuant to § 53.1-25, through program participation

as required by §§ 53.1-321 and 531-202.3, and by meeting such other requirements as may be established by law or regulation." Id. § 53.1-202.2. One sentence credit is equivalent to a deduction of one day from a person's term of incarceration. Id.

In 2020, the General Assembly amended the ESC system, effective July 1, 2022. Pursuant to the 2020 amendments, some inmates are now eligible to earn sentence credits at a higher rate. An inmate's eligibility to earn enhanced sentence credits is based, at least in part, on the inmate's conviction(s).[1] Inmates who are serving a sentence for certain enumerated felony convictions, including convictions for particular violent crimes and sex offenses, remain eligible for a "maximum of 4.5 sentence credits . . . for each 30 days served." Id. § 53.1-202.3(A) (effective July 1, 2022). However, inmates who are serving a sentence "[f]or any offense other than those enumerated in subsection A" and who satisfy other criteria may earn either 7.5 or 15 days of sentence credits for every 30 days served. Id. § 53.1-202.3(B).

The 2020 legislation provided that the amended provisions of § 53.1-202.3 "shall apply retroactively to the entire sentence of any person who is confined in a state correctional facility and participating in the earned sentence credit system on July 1, 2022." Va. House Bill 5148 (approved Nov. 9, 2020); Va. Senate Bill 5034 (approved Nov. 9, 2020). A budget amendment proposed by Governor Youngkin and adopted by the General Assembly in June 2022 makes clear that "a maximum of 4.5 sentence credits may be earned for each 30 days served on a sentence that is concurrent with or consecutive to a sentence for a conviction of an offense

---

[1] Other factors include an inmate's disciplinary history and whether an inmate requires "improvement" or "significant improvement" in an "area as established by the [VDOC's] policies or procedures." Va. Code Ann. § 53.1-202.3(B) (effective July 1, 2022). The Director of the VDOC is responsible for establishing "the criteria upon which a person shall be deemed to have earned sentence credits" and "such additional requirements for the earning of sentence credits as may be deemed advisable and as are consistent with the purposes of the [ESC system]." Id. § 53.1-202.4.

2

enumerated in subsection A of § 53.1-202.3." Va. House Bill 30 (Chapter 2), Item 404(R) (approved June 22, 2022). Thus, inmates who are serving sentences for both enumerated and non-enumerated offenses are not eligible to earn sentence credits at an enhanced rate.

Hoglan alleges that he is one of the inmates affected by the budget amendment. See Compl., ECF No. 1, at 9–10. In 2008, Hoglan was convicted of multiple criminal offenses in the Circuit Court of Stafford County, Virginia. Id. at 9. He alleges that three of his seven felony convictions were for offenses enumerated in § 53.1-202.3(A).[2] Id. Pursuant to the budget amendment, Hoglan is only eligible to earn, for each of his sentences, up to 4.5 sentence credits for every 30 days served. Id. at 10.

Hoglan claims that the budget amendment violates his rights under the Ex Post Facto Clause of the United States Constitution because it prohibits him from benefitting from the 2020 amendments to the ESC system. Compl. at 11. He also claims that the "unequal treatment" resulting from the budget amendment violates his "rights under the protections of the Fourteenth Amendment of the United States Constitution." Id. at 12. He seeks to enjoin the defendants from enforcing the budget amendment. Id. at 13. He also seeks to recover nominal damages. Id.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks

---

[2] Online court records indicate that Hoglan was convicted of aggravated sexual battery, in violation of Virginia Code § 18.2-67.3; and two charges of adulterating food or drink with the intent to injure, in violation of Virginia Code § 18.2-54.2. See Commonwealth v. Hoglan, Case Nos. CR07000982-01, CR07000982-02, and CR07000982-03, available at http://ewsocis1.courts.state.va.us/CJISWeb/Search.do (last visited Nov. 29, 2022). The list of offenses in subsection (A) of § 53.1-202.3 includes "[c]riminal sexual assault punishable as a felony under Article 7 (§ 18.2-62 et seq.) of Chapter 4 of Title 18," and "[a]ny malicious felonious assault or malicious bodily wounding under Article 4 (§ 18.2-51 et seq.) of Chapter 4 of Title 18.2." Va. Code. Ann. § 53.1-202.3(A) (effective July 1, 2022).

3

redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

4

deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983.

The Ex Post Facto Clause, on which Hoglan first relies, "prohibits laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" United States v. Farrow, 364 F.3d 551, 554 (4th Cir. 2004) (quoting Collins v. Youngblood, 497 U.S. 37, 43 (1990)). A statute violates the Ex Post Facto Clause "if it is both retrospective and more onerous than the law in effect on the date of the offense." Weaver v. Graham, 450 U.S. 24, 30–31 (1981) (emphasis added); see also United States v. Juvenile Male, 819 F.2d 468, 472 (4th Cir. 1987) ("It has been well-settled law for nearly two hundred years that the relevant date for ex post facto analysis is the date of the offense . . . .") (citing Calder v. Bull, 3 U.S. (3 Dall.) 386, 390–91 (1798); Weaver, 450 U.S. at 30–31; Marshall v. Garrison, 659 F.2d 440, 442 n.3 (4th Cir. 1981)).

At the time of his offenses, Hoglan could only earn a maximum of 4.5 sentence credits for every 30 days served. The same is true under the challenged budget amendment. Because the budget amendment is not "more onerous than the law in effect on the date of the offense[s]," it does not violate the Ex Post Facto Clause. Weaver, 450 U.S. at 30–31; see also Nivens v. Morgan, No. 8:16-cv-02648, 2019 WL 6067407, at *7 (D. Md. Nov. 15, 2019) (dismissing an ex post facto claim relating to an inmate's entitlement to special project credits for double-celling since such credits were unavailable on the date of the inmate's offense).

5

Hoglan's allegations of "unequal treatment" also fail to state a viable claim under the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This provision "does not take away from the States all power of classification, but keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks and citations omitted). "Thus, a plaintiff challenging a state statute on an equal protection basis 'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Kolbe v. Hogan, 849 F.3d 114, 146 (4th Cir. 2017) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)).

Here, Hoglan has not alleged facts sufficient to show that he has been treated differently from others with whom he is similarly situated or "in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). State inmates who are serving a sentence for at least one felony offense listed in Virginia Code § 53.1-202.3(A) are treated the same under the budget amendment. Moreover, courts have recognized that sex offenders are not similarly situated to non-sex offenders, see Stradford v. Sec'y Pa. Dep't of Corr., 53 F.4th 67, 2022 WL 16828716, at *5 (3d Cir. Nov. 9, 2022) (collecting cases concluding that "sex crimes and non-sex crimes—and even different types of sex crimes—are dissimilar"), and that violent felony offenders are not similarly situated to non-violent felony offenders, see Scott v. Dennison, 739 F. Supp. 2d 342, 361 (W.D.N.Y. 2010) (collecting cases rejecting the proposition that violent and non-violent felony offenders are similarly situated). Therefore, Hoglan has not plausibly

alleged that the different treatment afforded to inmates who have been convicted of particular sex offenses or violent crimes violates the Equal Protection Clause. See Stradford, 2022 WL 16828716, at *4 (emphasizing that "the failure to identify similarly situated persons dooms an equal-protection claim").

Hoglan has also failed to state a viable claim for denial of due process in violation of the Fourteenth Amendment. To state a due process claim, "a plaintiff must first show that he has a constitutionally protected liberty or property interest, and that he has been deprived of that protected interest by some form of state action." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988) (internal quotation marks and citations omitted). Unless the plaintiff makes such showing, "the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Id.; see also Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir. 2007) ("Without a protected liberty or property interest, there can be no federal procedural due process claim.") (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 579 (1972)).

Hoglan does not plausibly allege that he has been deprived of a protected liberty interest. Prior to the statutory amendments, courts repeatedly held that state inmates in Virginia do not have a protected liberty interest in earning sentence credits at a particular rate or level. See, e.g., Dennis v. Clarke, No. 3:15-cv-00603, 2016 WL 4424956, at *6 (E.D. Va. Aug. 17, 2016) ("[I]t is well established that Virginia inmates do not enjoy a protected liberty interest in the rate at which they earn either Earned Sentence Credits or Good Conduct Allowances.") (collecting cases); see also Parks v. Clarke, No. 7:16-cv-00450, 2017 WL

7

6327826, at *3 (W.D. Va. Dec. 11, 2017) ("The statutory scheme for earning ESC is conditional and at the discretion of prison officials. Inmates do not have a protected liberty interest in earning a specific rate of good conduct time.") (citations omitted). And Hoglan does not identify any portion of the amended statutory scheme, which became effective in July 2022, that entitles him to earn sentence credits at a specific rate, much less at a rate higher than 4.5 credits for every 30 days served. See Smith v. Ashcroft, 295 F.3d 425, 429 (4th Cir. 2002) ("In order for a statute to create a vested liberty or property interest giving rise to procedural due process protection, it must confer more than a mere expectation . . . of a benefit. There must be entitlement to the benefit as directed by statute, and the statute must act to limit meaningfully the discretion of the decisionmakers.") (internal quotation marks and citation omitted). In the absence of a protected liberty interest, Hoglan cannot establish a violation of his right to due process.

## IV.   Conclusion

For the foregoing reasons, the court concludes that the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: December 6, 2022

*Digitally signed by Michael F. Urbanski   Chief U.S. District Judge*
*Date: 2022.12.06 10:24:40 -05'00'*

Michael F. Urbanski
Chief United States District Judge